VENTNOR CITY NATIONAL BANK, complainant,

*v.*

TROY CORPORATION et al., defendants.

[Decided December 9th, 1929.]

Mr. *John Westcott,* for the complainant.

Mr. *S. Paul Ridgway* and Mr. *Emerson Richards,* for the defendant Warren L. Ridgway.

INGERSOLL, V. C.

The complainant's decree in foreclosure directed the sheriff to sell the lands described in the mortgage, to raise the amount of the decree. Prior to the foreclosure a portion of the mortgaged property was sold and conveyed to the Troy Corporation, a party defendant.

The hearing is upon an order to show cause "why said premises described in complainant's mortgage, should not be sold in parcels and not as a whole, and why the premises now owned by the petitioner and the premises now owned by the Troy Corporation should not be sold separately."

The complainant resists the application upon two grounds. First, that the petitioner is not entitled to the relief prayed for because it is a creature of the mortgage. This is insufficient to deny the relief. Others are stockholders in the company.

Second, that the complainant is unable to determine the value of the respective portions of the mortgaged premises, and that the land is of greater value if sold as one tract, and

affidavits are presented that for the proper development of the land it should be sold as an entirety and that by selling it in two tracts it would materially destroy the value of the land.

This case is not within the rule laid down by Chancellor Williamson in *Parkhurst* v. *Cory, 11 N. J. Eq. 233,* in which it was held: "There are cases where the court, by virtue of the statute, may make a decree to sell the whole mortgaged premises, even where the whole sum secured by the mortgage is not due—as when it shall appear to the court that a part of the premises cannot be sold to satisfy the amount due without material injury to the remaining part of the mortgaged premises—the execution then commands the sheriff to sell the whole of the premises * * *."

The law applicable here was laid down by Chancellor Vroom at the October term, 1831, to be:

"Where a man gives a mortgage upon his property, and after having done so sells a part of it to a third person for a valuable consideration, justice demands that the residue of the mortgaged premises, in the hands of the mortgagor, should satisfy the mortgage debt; and the purchaser acquires a right even against the mortgagee, so far as to compel him to have recourse to such residue for the satisfaction of his debt, if it shall be sufficient for that purpose. If the mortgagor sell a second parcel, the second purchaser immediately acquires rights as against the mortgagor, and also as against the mortgagee, and rights also accrue immediately between the first and second purchasers, as to their liability to the mortgagee; all of which the court will notice and protect. If the property remaining unsold in the hands of the mortgagor is sufficient to pay the debt, both purchasers will be protected. If insufficient, the last purchaser is always first liable. This is the settled rule of this court, and is founded on plain principles of justice." *Shannon* v. *Marselis, 1 N. J. Eq. 413* (at *p. 421*).

Vice-Chancellor Leaming in *Ingersoll* v. *Somers Land Co., 82 N. J. Eq. 476,* states the same rule and cites *Shannon* v. *Marselis, supra,* and *Wikoff* v. *Davis, 4 N. J. Eq. (3 Gr.)*

*224; Weatherby* v. *Slack, 16 N. J. Eq. (1 C. E. Gr.) 491; Mount* v. *Potts, 23 N. J. Eq. (8 C. E. Gr.) 188; Warwick* v. *Ely, 29 N. J. Eq. (2 Stew.) 82; Hiles* v. *Coult, 30 N. J. Eq. (3 Stew.) 40; Powles* v. *Griffith, 37 N. J. Eq. (10 Stew.) 384; Gray* v. *Hattersley, 50 N. J. Eq. (5 Dick.) 206, 211; Daly* v. *Ely, 51 N. J. Eq. (6 Dick.) 105; Davis* v. *Piggott, 56 N. J. Eq. (11 Dick.) 634; Jackson* v. *Dondict, 57 N. J. Eq. (12 Dick.) 522.*

I will advise an order that the said premises be sold separately and in the inverse order of alienation.